[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
The plaintiff is a wholesale food distributor servicing much of Connecticut. In its marketing area, there are approximately 1,700 potential customers and about 600 of them are actual customers. Over the years, it has developed a data bank on those customers which contain such items as name, address, telephone number, name of manager, hours open, prior year's sales, present years sales to date, credit limit and customary discount. Print outs from this data bank are made available to salesmen for the customers assigned to them. The complete printout is made available only to the chief executive officer and the sales manager.
The named defendant had been in the employ of the plaintiff from 1982 to late 1989, as a salesman, then office manager, and finally as sales manager. He left to go to work for the codefendant, Falk White, Inc., another wholesale food distributor. Its principal area of operation had been a substantial part of Massachusetts, Rhode Island, eastern Connecticut and the Hartford area. Prior to Anderson coming to work for it, there were about 45 customers in Connecticut. By now there are approximately 75. Some 11 of DiLeo's customers switched to Falk White and 2 of these have returned to DiLeo.
Since 1987, sales people coming to work for DiLeo have been CT Page 1507 required to execute a non-competition agreement and an agreement to keep the data bank information confidential. Anderson did not execute such an agreement but he was aware of its use with new employees. Prior to leaving, Anderson turned in all copies of the data bank printout.
The plaintiff alleges that the defendants have used the information from the data bank in competing with it for Connecticut customers and that such usage is a violation of the Trade Secrets Act, Connecticut General Statutes Section 35-50 et seq. and the Unfair Trade Practices Act, Connecticut General Statutes Section 42-110a et seq. and it seeks injunctive relief and damages.
I accept as proven that Anderson, in attempting to broaden the customer base in Connecticut, did not use the data bank information, but instead relied upon publicly available sources such as the yellow pages, trade journals and visual sightings. He did attempt to compete with the plaintiff as to pricing, but the technique he used was to request a potential customer to make available to him invoices as to actual purchases. Many of those requests were granted and he was then able to determine whether or not he could offer the potential customer a better deal. In any event, it would be ludicrous to conclude that he could carry in his head the detailed information about 600 accounts. In view of that factual conclusion, no purpose would be served by a lengthy discussion of the applicable law.
Judgment may enter for the defendants.
J. HEALEY, STR